# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re the complaint of NOVA GROUP, INC., a Delaware corporation; SHIMMICK CONSTRUCTION, INC., a California corporation; and NOVA SHIMMICK, a joint venture, for exoneration from, or limitation of, liability. | Case No.: 3:18-cv-00101-H-KSC<br><br>**ORDER:**<br><br>**(1) APPROVING AD INTERIM STIPULATION FOR VALUE AND SECURITY FOR COSTS;**<br><br>**(2) DIRECTING THE CLERK OF THE COURT TO ISSUE A MONITION REQUIRING CLAIMANTS TO PRESENT THEIR CLAIMS TO THE COURT;**<br><br>**(3) ENJOINING RELATED PROCEEDINGS AGAINST PLAINTIFFS-IN-LIMITATION; and**<br><br>**(4) DIRECTING PLAINTIFFS IN LIMITATION TO GIVE PUBLIC NOTICE OF THIS ACTION**<br><br>[Doc. Nos. 2, 3] |

///
///

On January 16, 2018, Plaintiffs-in-Limitation Nova Group, Inc., Shimmick Construction, Inc., and Nova Shimmick ("Plaintiffs-in-Limitation"), as owners of a 35 GRT, 80-foot steel work barge called the *Dana*, filed a complaint pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 et seq., claiming the right to exoneration from, or limitation of, liability for all claims arising out of an incident that occurred on July 17, 2017, in the navigable waters off the coast of San Diego, California. (Doc. No. 1.) On January 17, 2018, Plaintiffs-in-Limitation filed an ad interim stipulation valuing the *Dana* at $10,000 or less, and promising to pay any successful claimants up to $10,000 at 6% interest per annum. (Doc. No. 3.) That same day, Plaintiffs-in-Limitation moved for: (i) approval of their ad interim stipulation of value; (ii) a monition requiring all potential claimants to file claims stemming from the July 17, 2017 incident with the Court; (iii) an injunction halting all related proceedings against Plaintiffs-in-Limitation; and (iv) an order authorizing Plaintiffs-in-Limitation to give public notice of this action. (Doc. No. 2.)

Supplemental Rule for Admiralty or Maritime Claims F governs proceeds brought under the Limitation of Liability Act. Supplemental Rule F(1) provides that vessel owners bringing limitation claims "shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefore, and . . . [t]he plaintiff shall also give security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security." Rather than depositing a sum equal to the *Dana*'s value with the Court, Plaintiffs-in-Limitation stipulated their willingness to pay up to $10,000 for any liability in this action with interest at a rate of 6% per annum. (Doc. No. 3.) The Supreme Court has approved the use of this kind of security in limitation actions. Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co., 273 U.S. 207, 218–19 (1927) ("Whenever a stipulation is taken in an admiralty suit, for the property subjected to legal process and condemnation, the stipulation is deemed a mere substitute for the thing itself, and the stipulators liable to the exercise of all those authorities on the part of the court, which it could properly exercise, if the thing itself were still in its custody." (quoting The Palmyra,

25 U.S. (12 Wheat.) 1, 10 (1827))). Plaintiffs-in-Limitation also deposited $500 with the Court to cover potential costs of suit for any prevailing claimants. (Doc. No. 1-5.) Plaintiffs-in-Limitation have accordingly complied with Supplemental Rule F(1), and the Court approves the stipulation for value.

Supplemental Rule F(3) provides that upon "compliance by the owner with the requirements of [Supplemental Rule F(1)] all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Because Plaintiffs-in-Limitation have complied with Supplemental Rule F(1), the Court stays and restrains all suits, actions, or legal proceedings, except this proceeding, against Plaintiffs-in-Limitation or the *Dana*, with respect to any claims for injuries or damages connected with the July 17, 2017 incident until the hearing and final determination of this proceeding. Plaintiffs-in-Limitation shall mail a certified copy of this order to all persons to be enjoined, or their attorneys acting on their behalf. Plaintiffs-in-Limitation shall also file a copy of this order with the San Diego County Superior Court in Case No. 37-2017-00029166-CU-PO-CTL, <u>Monahan v. Shimmick Construction, Inc. et al.</u>

Supplemental Rule F(4) provides that upon "the owner's compliance with [Supplemental Rule F(1)] the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." Because Plaintiffs-in-Limitation have complied with Supplemental Rule F(1), the Court orders the Clerk of Court to issue a monition under the seal of the Court to all persons and entities asserting any claim with respect to the July 17, 2017, incident admonishing them to file their respective claims with the Clerk of Court on or before February 22, 2018. The monition will also instruct claimants to serve a copy of their claims on the attorneys for Plaintiffs-in-Limitation on or before February 22, 2018. "Each claim shall specify the facts upon which the claimant

relies in support of the claim, the items thereof, and the dates on which the same accrued." Supplemental Rule F(5). "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer." Id. Any answer must be filed on or before February 22, 2018.

The Court also orders Plaintiffs-in-Limitation to give public notice of the monition and of this action through publication in a newspaper of general circulation printed and published in San Diego County, California, once in each week for four successive weeks prior to February 22, 2018. Pursuant to General Order 651, as of April 4, 2016, The San Diego Daily Transcript is the Court's preferred newspaper for publication of notices in San Diego County. However, Plaintiffs-in-Limitation may publish their notice in either The San Diego Daily Transcript or The San Diego Union-Tribune. The Court orders Plainitffs-in-Limitation to mail a copy of the monition to every person and entity known to have asserted, or who Plaintiffs-in-Limitation believe may intend to assert, any claim against Plaintiffs-in-Limitation or the *Dana* for losses or damages connected with the July 17, 2017 incident. If Plaintiffs-in-Limitation know that a person making a claim has an attorney, the Court orders Plaintiffs-in-Limitation to mail the monition to the person's attorney. This notice will constitute due notice to all persons asserting claims against Plaintiffs-in-Limitation or the Vessel for losses or damages connected with the July 17, 2017 incident.

**IT IS SO ORDERED.**

DATED: January 19, 2018

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT